JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PAUL D. CEGLIA | Eric Himpton Holder Jr. individual & as AG of the US, Preetinder S. Bharara, Janis M. Echenberg & Christopher D. Frye |
| (b) County of Residence of First Listed Plaintiff **ALLEGANY**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **DISTRICT OF COLUMBIA**<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>ROBERT ROSS FOGG, ESQ.<br>LAW OFFICE OF ROBERT ROSS FOGG<br>69 DELAWARE AVE., STE. 600 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☒ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**28 USC 1331**

Brief description of cause:
**INJUNCTION OF FEDERAL CRIMINAL PROSECUTION**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE **HON. RICHARD ACARA**
DOCKET NUMBER **1:10-CV-00569-RJA-LGF**

DATE **3/8/2013**
SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

            Plaintiff,

v.

ERIC HIMPTON HOLDER, JR., individually
and as Attorney General of the United States,
PREETINDER S. BHARARA, individually
and as US Attorney for the Southern District
of New York, JANIS M. ECHENBERG
and CHRISTOPHER D. FRYE, individually
and in their capacity as representatives of the US
Attorney's Office for the Southern District of New
York

            Defendants.

**VERIFIED COMPLAINT**

Civil Action No.:

---

Plaintiff, PAUL D. CEGLIA, by and through his undersigned attorneys, files this Complaint against Defendants ERIC HIMPTON HOLDER, JR., individually and as Attorney General of the United States, PREETINDER S. BHARARA, individually and as US Attorney for the Southern District of New York, JANIS M. EICHENBERG and CHRISTOPHER D. FRYE, individually and in their respective capacities as representatives of the U.S. Attorney's Office for the Southern District of New York, and alleges the following upon information and belief, unless otherwise stated:

## **INTRODUCTION**

1.   This case seeks to protect fundamental rights afforded by the First Amendment of the Constitution of the United States.

2. Plaintiff seeks an injunction against Defendants' unconstitutional acts, policies, procedures and practices as set forth in this Complaint. In particular, Plaintiff seeks permanent injunctions against future and current federal criminal prosecutions as more fully described herein.

3. Subsequent to the commencement of Plaintiff's civil action (Ceglia v. Zuckerberg, et al., 10 Civ. 569 RJA, LGF (WDNY)), Defendants intentionally, willfully and maliciously interfered with Plaintiff's enumerated protected right by commencing a federal criminal prosecution in the Southern District of New York under the guise of Plaintiff's purported violations of Title 18, United States Code §§1341 and 1343 (Mail and Wire Fraud Statutes), under case number 1:12-cr-00876-ALC.

4. In so doing, in the midst of civil litigation, Defendants trampled and subverted Plaintiff's inherent immunity under the United States Constitution by actively pursuing an unlawful indictment and making continued threats of future prosecution upon any subsequent related civil filings, causing a chilling effect upon Plaintiff and irreparable harm to Plaintiff.

## THE PARTIES

5. Plaintiff, Paul D. Ceglia, residing at 2558 Hanover Hill Road, Wellsville, NY 14895, is an adult United States citizen who has exercised his First Amendment right to Petition his Government for a Redress of Grievance by commencing a private civil action against another United States Citizen.

6. Plaintiff is also the Defendant in the aforementioned criminal prosecution, which was commenced subsequent to Plaintiff's civil action solely upon the basis of the filing Plaintiff's civil pleadings thereon.

7. Upon the instant action, Plaintiff herein asserts his First Amendment right to Petition his Government for a Redress of Grievance by commencing the instant action against Defendants, individually and in their respective capacities as representatives of the federal government.

8. The instant petition is an appropriate and preferable procedure for said redress as proscribed by common law.

9. Relative to the instant action, all Defendants are either officers or employees of the United States or agency thereof. Acting in their official capacities and under color of legal authority, with malice aforethought, Defendants commenced a federal criminal proceeding arising out of the proper and good faith filing of Plaintiff's civil lawsuit against a United States Citizen.

10. Defendant, ERIC HIMPTON HOLDER, Jr., is the Attorney General of the United States, who serves as the head of the United States Department of Justice and the chief law enforcement officer of the United States government. Defendant Holder has individual and executive responsibility for carrying out, enforcing and executing the laws of the United States and upholding the United States Constitution, as well as directing the United States Attorneys in their respective districts.

11. Defendant, PREETINDER S. BHARARA, is the United States Attorney for the Southern District of New York, who serves as the principal litigator for the District under the direction of the Attorney General and has individual and executive responsibility for carrying out, enforcing and executing the laws of the United States and upholding the United States Constitution, as well as directing the Assistant United States Attorneys in his districts.

12. Defendants, JANIS M. EICHENBERG and CHRISTOPHER D. FRYE, are Assistant United States Attorneys for the Southern District of New York, who serve as assistant litigators for the District at the direction of Defendant, Preetinder S. Bharara, and have individual and executive responsibility for carrying out, enforcing and executing the laws of the United States and upholding the United States Constitution.

## JURISDICTION AND VENUE

13. This action arises under the Constitution and laws of the United States. Pursuant to 28 U.S.C. § 1331, jurisdiction is proper based upon a question or controversy arising under the Constitution and laws of the United States.

14. Pursuant to 28 U.S.C § 1391(e)(1)(C), venue is proper within the Western District of New York in that plaintiff resides in Wellsville, New York.

## FACTUAL BACKGROUND

15. In June 2010, Plaintiff initiated a lawsuit against Mark Zuckerberg and Facebook, Inc. (the "Civil Defendants") in the Supreme Court for the State of New York, Allegany County (the "Original Civil Case"). Upon the Civil Defendants' motion, the case was subsequently removed to the U.S. District Court for the Western District of New York ("WDNY"). (See, *Ceglia v. Zuckerberg*, et al., 10 Civ. 569 (RJA)(LGF).

16. Subsequently, on October 26, 2012, Plaintiff was arrested pursuant to a criminal complaint filed in the Southern District of New York ("SDNY").

17. On November 26, 2012, a federal grand jury, empanelled in the SDNY, returned a two count Indictment under case number 1:12-CR-00876-ALC (the "Indictment", Exhibit A)

charging the Defendant with one count of mail fraud in violation of Title 18 USC §1341 and one count of wire fraud in violation of Title 18 USC §1343.

18. The allegations contained in Count 1 of the indictment relative to mail fraud reads as follows:

> "to wit, Ceglia filed a civil lawsuit against Facebook, Inc. and that company's founder and Chief Executive Officer, Mark Zuckerberg, fraudulently demanding a significant ownership stake in Facebook, Inc., and caused legal pleadings and other items to be delivered by mail to Washington, D.C., among other places, from the Southern District of New York and elsewhere, including on or about April 11, 2011."

19. The allegations contained in Count 2 of the indictment relative to wire fraud substantially mirror the mail fraud allegations of Count 1, which reads as follows:

> "to wit, Ceglia filed a civil lawsuit against Facebook, Inc. and that company's founder and Chief Executive Officer, Mark Zuckerberg, fraudulently demanding a significant ownership stake in Facebook, Inc., and caused others to send interstate electronic communications in connection with that lawsuit, including on or about July 14, 2011, November 1, 2011 and December 8, 2011."

20. The Indictment brought in the SDNY contains no salient allegations of prohibited conduct attributable to Plaintiff other than that Plaintiff filed the Original Civil Case in the WDNY. However, in an extrajudicial commentary offered to the public media, US Attorney Preetinder S. Bharara stated that the criminal prohibited conduct attributable to Plaintiff was "dressing up a fraud as a lawsuit." (See, The New York Times, Article, Man Claiming Facebook Ownership Arrested on Fraud Charges, by Peter Lattman, October 26, 2012, 2:44 pm).

21. In the Government's response in opposition to Plaintiff's motion to change venue, the Government amplified their position stating that every future filing made in the Original Civil Case would be subject to criminal prosecution on the same charges brought in the Indictment.

22. To be sure, the Government states, "Not only did the ongoing fraud <u>continue</u> in Manhattan when Ceglia's New York City-based attorneys served certain legal documents, including the amended complaint, on the Civil Defendant's counsel in, among other places, Washington, D.C., but each and every affirmative act in furtherance of the ongoing fraud was <u>completed</u> in New York when, among other things, counsel for the Civil Defendants were served by Ceglia's attorneys with the various legal documents that he has employed to further his fraudulent scheme to defraud California-based Zuckerberg and Facebook, Inc." (See, Government's Memorandum of Law in Opposition to Defendant Ceglia's Motion to Transfer Venue, Case: 1:12-cr-00876-ALC, Document #21, page 11, par 2).

23. This affirmation makes clear that Defendants position is that every time counsel for the Civil Defendants of the pending Original Civil Case receives electronic communications (i.e., email) from the Court presiding over the civil case, or from Plaintiff's attorneys, it is an affirmative act in furtherance of "an ongoing fraud." (See, Id.).

24. More troubling than the Government's continual threats against Plaintiff, is the relationship and history shared between the current US Attorney, Defendant Preetinder Bharara, the civil defense lawyers and the law firm representing the Civil Defendants.

25. The law firm, Gibson, Dunn & Crutcher, LLP ("Gibson Dunn"), representing the Civil Defendants, have assigned to that case the two firm lawyers who are both former federal prosecutors for the SDNY. Equally troubling is the well known fact that Gibson Dunn Partners

have been and continue to be active and substantial financial political contributors, especially to the current administration.

26. Further, the current U.S. Attorney for the SDNY, Mr. Preetinder Bharara, was employed as an attorney at Gibson Dunn for four years prior to his political appointment, by the current administration. The appearance of impropriety is obvious and the aligned legal representation is a conflict of interest requiring the removal of the US Attorney for the SDNY, Gibson Dunn or both.

## AS FOR THE FIRST CAUSE
(FIRST AMENDMENT RIGHT TO PETITION)

27. Plaintiff realleges paragraphs 1 through 23, inclusive, and by this reference incorporates the same as though fully set forth herein.

28. Plaintiff contends that the Government, in commencing and continuing the criminal prosecution of the Plaintiff for excising an enumerated right contained in the Bill of Rights, has violated Plaintiff's Constitutional rights, which continues to date.

29. Consequently, Plaintiff, Paul D. Ceglia, brings the instant action to restrain and enjoin the Government from continuing to violate Plaintiff's First Amendment rights. Specifically, to discontinue criminal prosecution of Plaintiff in the criminal action U.S. v. Ceglia, 12 Cr. 876 (ALC) and to restrain and enjoin Defendants from continued criminal prosecution of Plaintiff on the same.

30. In addition, Plaintiff brings the instant action to enjoin the Defendants from acting upon and completing their threats to commence new and separate criminal proceedings against Plaintiff, should Plaintiff, directly or indirectly, engage in the service of any future pleadings or filings regarding the pending Original Civil Case.

31. Plaintiff asserts, that in the face of the Defendants present conduct, a private citizen must now forego seeking redress of a good faith legitimate grievance or proceed to allege facts in support of his position and run the risk of a federal indictment for merely filing and serving civil litigation documents.

32. Absent the protection of an Order enjoining the Defendants from continuing the present pending criminal prosecution and commencing any future prosecutions, Plaintiff's First Amendment rights will be indelibly infringed.

WHEREFORE, 18 U.S.C. §1341 and §1343 are unconstitutional in that it chills, burdens and intrudes upon the protected rights of Petition, under the United States Constitution, Amendment I, or, in the alternative, is unconstitutionally overbroad, and Plaintiff respectfully requests judgment declaring §1341 and §1343 to be void and permanently enjoining its enforcement, along with attorney's fees and cost of suit.

## REQUEST FOR EXPEDITED HEARING

33. Plaintiff hereby moves this Court for an expedited hearing pursuant to Local Rules of Civil Procedure 7.1(d) and 65 and Federal Rule of Civil Procedure 6(d).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and for all others similarly situated respectfully requests this Court to:

1. Declare that Defendants violated Plaintiff's fundamental constitutional rights as set forth in this Complaint
2. Enjoin Defendants' unconstitutional restrictions on Plaintiff's fundamental rights as set forth in this Complaint;

3. Declare the Mail and Wire Fraud Statutes, §1341 and §1343, as applied, to be void as unconstitutional;

4. Order permanent injunctive relief barring the current criminal prosecution and any future prosecution as related to the Original Civil Case;

5. Award Plaintiff his reasonable attorney's fees, costs and expenses; and

6. Award such other relief as this Honorable Court may deem just and proper.

Dated:   March 7, 2013
         Buffalo, New York

*Carol Gruber*
NOTARY PUBLIC

Carol Gruber
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 2/14/20

Respectfully submitted,

/s/ Robert Ross Fogg
ROBERT ROSS FOGG, ESQ.
Counsel and Local Counsel for Plaintiff
*PAUL D. CEGLIA*
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tele: (716) 853-3644  Fax: (716) 852-6782
Email: rrfogg711@roadrunner.com

Co-Counsel for Plaintiff
Paul Argentieri, Esq.
Paul Argentieri & Associates
188 Main Street
Hornell, New York 14843
Tel: (607) 324-3232
paul.argentieri@gmail.com

TO:  CLERK OF THE COURT
     United States District Court Clerk's Office
     Western District of New York
     200 United States Courthouse
     2 Niagara Square
     Buffalo, New York 14202

Party-Defendant
     ERIC HIMPTON HOLDER, JR.
     Attorney General of the United States
     U.S. Department of Justice
     950 Pennsylvania Avenue, NW
     Washington, DC 20530-0001

Party-Defendant
> PREETINDER S. BHARARA, US Attorney
> United States Attorney's Office
> Southern District of New York
> 1 Saint Andrews Plaza
> New York, New York 10007-1701

Party-Defendant
> JANIS M. ECHENBERG, ESQ., AUSA
> United States Attorney's Office
> Southern District of New York
> 1 Saint Andrews Plaza
> New York, New York 10007-1701

Party-Defendant
> CHRISTOPHER D. FRYE, ESQ., AUSA
> United States Attorney's Office
> Southern District of New York
> 1 Saint Andrews Plaza
> New York, New York 10007-1701

Courtesy Service
> WILLIAM J. HOCHUL, JR., US Attorney
> United States Attorney's Office
> Western District of New York
> 138 Delaware Avenue
> Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                              Plaintiff,

v.

ERIC HIMPTON HOLDER, JR., individually
and as Attorney General of the United States,
PREETINDER S. BHARARA, individually
and as US Attorney for the Southern District
of New York, JANIS M. EICHENBERG
and CHRISTOPHER D. FRYE, individually
and in their capacity as representatives of the US
Attorney's Office for the Southern District of New
York,

                              Defendants.

**VERIFIED COMPLAINT**

Civil Action No.:

---

## VERIFICATION

State of New York   )
County of Allegany   )  ss.:
Town of Wellsville   )

PAUL D. CEGLIA, being duly sworn, depose and say: that deponent is the Plaintiff in the within action; that deponent has read the foregoing VERIFIED COMPLAINT, MOTION FOR A TRO, MEMORANDUM OF LAW IN SUPPORT OF THE TRO, PROPOSED ORDER GRANTING THE TRO, and MOTION FOR AN EXPEDITED HEARING, and know the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

Dated:   March 7, 2013
             Wellsville, New York

                                              PAUL D. CEGLIA

Sworn to me
this 7th day of March, 2013

_Jodell A. Oberst_
Notary

                              JODELL A. OBERST
                       Notary Public - State of New York
                        Allegany Co., No. 01OB4990366
                     My Commission Expires Dec. 30, 20_13_