```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL D. CEGLIA,

                    Plaintiff,
          v.                                    13-CV-0256-A

ERIC HOLDER, JR., individually
and as Attorney General
of the United States,
PREETINDER S. BHARARA, individually
and as United States Attorney for the
Southern District of New York,
JANIS M. ECHENBERG and
CHRISTOPHER D. FRYE,
Individually, and as in their
capacity as representatives
of the United States Attorney's
Office for the Southern District
of New York,

                    Defendants.
_____
```

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY

### I.   Introduction

The defendants, Eric Holder, Jr., individually and as Attorney General of the United States, Preetinder S. Bharara, individually and as United States Attorney for the Southern District of New York, Janis M. Echenberg and Christopher D. Frye, individually, and as in their capacities as representatives of the United States Attorney's Office for the Southern District of New York, by and through their attorney,

William J. Hochul, Jr., Mary E. Fleming, Assistant United States Attorney, of counsel, submit the following Memorandum of Law in opposition to the plaintiff's request for expedited discovery in this matter.

Plaintiff, Paul D. Ceglia ("Ceglia"), seeks to depose the President and Chief Executive Officer of Facebook, Inc. ("Facebook"), Mark Zuckerberg ("Zuckerberg"), prior to the May 10 hearing date on his application for a Temporary Restraining Order and preliminary injunction. Ceglia's request should be denied as he lacks good cause to depose Zuckerberg and the request is unreasonable. First, it is the Government's position that plaintiff seeks to depose Zuckerberg solely to obtain evidence in the pending criminal action against him in the Southern District of New York; evidence he would not be able to obtain using the Federal Rules of Criminal Procedure. For this reason alone, the request should be denied.

Second, Ceglia has already sought and been denied Zuckerberg's deposition in the lawsuit Ceglia brought against Facebook (10-CV-569)("Facebook litigation"). Third, Zuckerberg has already provided a Declaration which confirms that he did not sign or enter into the Work for Hire Document and that

2

emails back and forth relating to the Document were never received or sent by Zuckerberg.

Finally, Magistrate Judge Leslie Foschio has issued a 155 page Report and Recommendation recommending dismissal of Ceglia's complaint against Zuckerberg and Facebook, ruling that it is "highly probable and reasonably certain that the Work for Hire Document and supporting emails were fabricated for the express purpose of filing the instant action." Dkt. #651, pp.118-119.  Therefore, since Zuckerberg has already stated under penalty of perjury his position on the Work for Hire Document and the supporting emails and Judge Foschio already ruled that the Work for Hire Document and the supporting emails were forgeries, Zuckerberg's deposition is unnecessary, and his testimony would be cumulative.

## II.  Procedural History

Ceglia is familiar to this court as he has brought an action against Zuckerberg and Facebook (10-CV-569A), claiming he entered into a contract with Zuckerberg (known as the Work for Hire document) which granted him 50 percent ownership in Facebook for Zuckerberg agreeing to perform certain programming

work for Ceglia.  Affidavit of Mary E. Fleming (Hereafter referred to as "Fleming Aff.") ¶3.

Ceglia is also the defendant in a criminal action pending against him in the Southern District of New York (12-CR-876) charging him with mail and wire fraud relating to Ceglia's fraudulent creation of the Work for Hire Document, manufacture of emails to support this fraudulent Work for Hire document, and destruction of evidence, all in support of his lawsuit against Zuckerberg.  Fleming Aff., ¶4.

Ceglia has now brought a second civil action in the Western District of New York.  In this action, he has sued the Attorney General of the United States and prosecutors in the Southern District of New York claiming that his First Amendment rights have been chilled by the Southern District of New York criminal prosecution.  He seeks a Temporary Restraining Order, a preliminary injunction and expedited discovery.  Fleming Aff., ¶5.

After this instant action was commenced, Magistrate Judge Leslie Foschio issued a 155 page Report and Recommendation ("R&R") recommending dismissal of the Ceglia lawsuit against Zuckerberg and Facebook.  The R&R recommends dismissal of the

complaint because the Work for Hire document is a recently created fabrication and on account of Ceglia's spoliation of evidence. Fleming Aff., ¶6.

This R&R discusses in detail the reasons why the Work for Hire document and the supporting emails are forgeries or fabrications. It analyzes ink-dating; printing variations, such as fonts, typesetting and formatting inconsistencies between pages 1 and 2 of the Work for Hire document; printer toner and paper variations; staple holes; handwriting of initials and signatures; digital footprints; back-dating of emails; formatting inconsistencies of emails, factual inaccuracies, etc. Judge Foschio concludes:

> To summarize, based on the evidence in the record, it is highly probable and reasonably certain that the Work for Hire Document and the supporting e-mails were fabricated for the express purpose of filing the instant action. Plaintiff's arguments in opposition largely consist of self-defeating inconsistencies, serving only to establish the fraudulent nature of the Work for Hire Document and supporting e-mails. Defendants have thus established by clear and convincing evidence the Work for Hire Document and supporting e-mails are fabrications such the Defendants' Motion to Dismiss should be GRANTED, and the case dismissed with prejudice.

Fleming Aff., ¶7; Dkt. #651, pp.118-119.

On March 27, 2013, this Court requested further briefing on the issues raised by Judge Foschio's R&R, and entered a briefing schedule. Dkt. #13.

After a motion for enlargement of time was filed by the defendants, this Court granted the motion and issued a new briefing schedule. Dkt. #16.

On April 26, 2013, Ceglia filed a motion for expedited discovery. Dkt. #22, 23, 25. Ceglia also filed a motion for a preliminary injunction. Dkt. #s 26-28.

This court then scheduled an appearance to discuss the motion for expedited discovery for May 1, 2013, at 9:00 am. Dkt. #24.

### III. Legal Argument

### Ceglia Has Not Demonstrated Good Cause for the Expedited Discovery, Nor Is Ceglia's Request Reasonable

Rule 26(d) of the Federal Rules of Civil Procedure provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in certain specified circumstances, or by order of the court. Fed.R.Civ.P. 26(d). Accordingly, absent agreement or one of the

6

limited exceptions, a party seeking expedited discovery must obtain leave of the court. See e.g. Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326 (S.D.N.Y.2005); Notaro v. Koch, 95 F.R.D. 403, 404-05 (S.D.N.Y.1982).

In deciding whether to allow expedited discovery, some courts in this Circuit have applied the four-part test set forth in Notaro:

> (1)irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

95 F.R.D. at 405; see e.g., Irish Lesbian & Gay Org. v. Guliani, 918F.Supp. 728, 730 (S.D.N.Y.1996); Advanced Portfolio Tech., Inc. v. Advanced Portfolio Tech. Ltd., 1994 WL 719696, at *3 (S.D.N.Y. Dec.28, 1994).  More recently, courts have applied a more flexible standard of "reasonableness" and "good cause." See Ayyash, 233 F.R.D. at 326-27 ("this Court will assess the application [for expedited discovery] under the flexible standard of reasonableness and good cause")(citing cases).

Ceglia's request for expedited discovery fails under the more flexible standard since it is neither reasonable nor based upon good cause.

7

**A. Ceglia seeks the deposition of Zuckerberg solely for purpose of gaining information in the pending Southern District of New York criminal prosecution**

It is evident Ceglia seeks the deposition of Zuckerberg because he claims that his testimony will undermine the mail and wire fraud prosecution pending against him in the Southern District of New York.  Dkt. #25, Plaintiff's Memorandum of Law, pp. 3-4.  Plaintiff is well aware of the fact that this is discovery that he would not be afforded in the criminal case.  However,

> a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases.  While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive.... A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.

Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir.1962).

Ceglia, by seeking to depose Zuckerberg, is attempting to dodge the restrictions on criminal discovery.  Ceglia has provided no case law to support his claim that a defendant in a criminal prosecution may make an "end run" around the Rules of Criminal Procedure by commencing a civil rights action based upon an alleged First Amendment violation in a different court,

8

and forcing potential witnesses to testify on an expedited basis in the civil case.  If this court were to grant such relief in this case, it could open the floodgates to such collateral litigation.  Given the complete lack of legal authority for the relief sought by Ceglia, his motion should be denied.

**B. Ceglia's request to depose Zuckerberg is cumulative**

Ceglia seeks a deposition of Zuckerberg to question him about the Work for Hire Document.  Zuckerberg, however, has already provided a Declaration in the Facebook litigation which states under penalty of perjury that he never signed or entered into the Work for Hire Document and that he never received or sent the supporting emails.  Fleming Affidavit, ¶ 8.

Moreover, Ceglia has repeatedly sought the deposition testimony of Zuckerberg but has been denied the relief by Judge Foschio in the Facebook litigation.  On April 4, 2012, during a 16(b) conference and oral argument of the defendants' motion to stay discovery, Judge Foschio ruled that discovery in general should be stayed other than the depositions of the experts in the matter, and despite repeated requests by counsel for Ceglia, denied Ceglia's request to depose Zuckerberg.  Fleming Aff., ¶ 9.

9

Finally, Judge Foschio issued a R&R which discusses in great detail the reasons why the Work for Hire Document is a forgery and the supporting emails are fabricated.  Fleming Aff., ¶¶ 6-7.

Therefore, there is no need for the expedited deposition of Zuckerberg as his position on the Work for Hire Document and supporting emails is well-known to Ceglia and would be cumulative of his Declaration, as well as the R&R in the Facebook litigation.

## IV. Conclusion

For all of these reasons, Ceglia's request for expedited discovery should be denied.

DATED: Buffalo, New York, April 30, 2013.

                                        Respectfully submitted,

                                        WILLIAM J. HOCHUL, JR.
                                        United States Attorney
                                        Western District of New York

BY:   S/Mary E. Fleming
       MARY E. FLEMING
       Assistant U.S. Attorney
       U.S. Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5700 ext. 867
       Mary.Pat.Fleming@usdoj.gov