UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                      Plaintiff,

                                                                                          **ORDER**

       v.                                                                         13-CV-256-A

ERIC HIMPTON HOLDER, JR.,
Individually and as Attorney General
of the United States,

PREETINDER S. BHARARA,
individually and as U.S. Attorney for
the Southern District of New York,

JANIS M. ECHENBERG, individually
and in capacity as representative of
the U.S. Attorney's Office for the
Southern District of New York,

CHRISTOPHER D. FRYE, individually
and in capacity as representative of the
U.S. Attorney's Office for the Southern
District of New York,

                      Defendants.

---

      The plaintiff, Paul D. Ceglia, seeks injunctive relief against the United States Attorney General, the U.S. Attorney for the Southern District of New York, and two Assistant U.S. Attorneys for the Southern District of New York.  Plaintiff Ceglia seeks an order from this Court requiring defendants to dismiss a criminal case against him and enjoining the defendants from any further criminal

Case 1:13-cv-00256-RJA Document 42 Filed 05/03/13 Page 2 of 4

investigation or prosecution of him for conduct arising out of a separate civil action he has brought in this Court claiming an ownership interest in Facebook, Inc., the large social networking website.  *See Ceglia v. Facebook, Inc.*, 10-CV-569-A (W.D.N.Y.).

For some conduct involving his claim in this Court to a multi-billion dollar ownership interest in Facebook, Inc., plaintiff Ceglia is currently charged in an Indictment pending in the United States District Court for the Southern District of New York with mail fraud and wire fraud.  *United States v. Ceglia*, 12 Cr. 876 (ALC) (S.D.N.Y.).  Plaintiff is charged with participating in a scheme to defraud Facebook, Inc. and Mark Zuckerberg, and to corrupt the federal judicial process.  *Id.*  He faces one count of executing a mail fraud scheme and one count of executing a wire fraud scheme in violation of 18 U.S.C. §§ 1341 and 1343, respectively.  *Id.*

In this action, plaintiff Ceglia alleges he is entitled to injunctive relief against prosecutors based upon immunity pursuant to the Petition Clause of the First Amendment of the United States Constitution.  (Dkt. No. 1).  The action is presently before the Court on the motion of plaintiff pursuant to Fed. R. Civ. P. 12(d)(1) for expedited discovery.  (Dkt. No. 2).  Plaintiff seeks the deposition of a non-party, Mark Zuckerberg, to use in support of preliminary injunctive relief under Fed. R. Civ. P. 65.  *Id.*  For the reasons stated below, plaintiff's motion for expedited discovery is denied.

In general, Fed. R. Civ. P. 12(d)(1) provides a party may not seek discovery before the parties have met and conferred as required by Fed. R. Civ. P. 12(f).  This rule is subject to limited exceptions, including an agreement among parties or a court order authorizing discovery.  Fed. R. Civ. P. 12(d)(1).

District courts usually apply one of two standards to determine whether a court order permitting expedited discovery under Fed. R. Civ. P. 12(d)(1) should be granted.  *Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group*, 03-CV-811-E, 2003 WL 23350128 (W.D.N.Y. Dec. 3, 2003).  Some district courts in the Second Circuit require a showing of:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury [that] will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Cecre v. County of Nassau*, 258 F.Supp. 184, 186 (E.D.N.Y. 2003) (quoting *Gidatex, S.R.L. v. Campaniello Imports, Ltd.*, 13 F.Supp.2d 417, 420 (S.D.N.Y.1998)).  Other district courts require only a showing of good cause for expedited discovery.  *See e.g.*, *Pearson Educ., Inc. v. Doe*, 12 Civ. 4786(BSJ), 2012 WL 4832816 (S.D.N.Y. Oct. 1, 2011)(citing cases).  In this case, the Court finds plaintiff Ceglia's request deficient under either standard.

Plaintiff Ceglia seeks the deposition testimony of Mark Zuckerberg regarding the authenticity of the document and some emails upon which plaintiff predicates his

3

multibillion-dollar breach of contract claim in *Ceglia v. Zuckerberg*, 10-CV-569-A (W.D.N.Y.). Plaintiff seeks the testimony of Zuckerberg in the present action to establish, at a minimum, a good faith defense to the mail fraud and wire fraud charges pending against plaintiff in *United States v. Ceglia*, 12 Cr. 876 (ALC) (S.D.N.Y.). Plaintiff also seeks to question Zuckerberg about "contacts" with the United States in connection with the pending criminal case.

After due consideration, the Court concludes that expedited discovery is unnecessary. The Court expects to be able fully to consider plaintiff's First Amendment theories for injunctive relief based upon argument of counsel and the documentary submissions filed by the parties.

The Court previously scheduled oral argument of plaintiff Ceglia's motion for preliminary injunctive relief for May 10, 2013 at 11:00 a.m. (Dkt. No. 18). The Court scheduled oral argument, not an evidentiary hearing. *Id.* The Court does not find an evidentiary hearing will be necessary, even after careful consideration of plaintiff's motion for expedited discovery. Plaintiff's motion for expedited discovery pursuant to Fed. R. Civ. P. 26(d)(1) is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 3, 2013

4