UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL D. CEGLIA,

                        Plaintiff,

            v.                                                              13-CV-0256-A

ERIC HOLDER, JR., individually
and as Attorney General
of the United States,
PREETINDER S. BHARARA, individually
and as United States Attorney for the
Southern District of New York,
JANIS M. ECHENBERG and
CHRISTOPHER D. FRYE,
Individually, and as in their
capacity as representatives
of the United States Attorney's
Office for the Southern District
of New York,

                        Defendants.

_____


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**


## I.    INTRODUCTION


        The defendants, Eric Holder, Jr., individually and as Attorney General of the United

States, Preetinder S. Bharara, individually and as United States Attorney for the Southern

District of New York, Janis M. Echenberg and Christopher D. Frye, individually and in

their capacity as representatives of the United States Attorney's Office for the Southern

District of New York, by and through their attorney, the United States Attorney for the

Western District of New York, William J. Hochul, Jr., Mary E. Fleming, Assistant United

States Attorney, of counsel, submit the following memorandum of law in support of the defendants' motion to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

On June 30, 2010, plaintiff, Paul Ceglia ("plaintiff" or "Ceglia"), filed a lawsuit against Mark Zuckerberg ("Zuckerberg"), Chief Executive Officer and a member of the Board of Facebook, Inc., and Facebook, Inc. ("Facebook") in the Supreme Court for the State of New York, Allegany County, which was subsequently removed to the United States District Court for the Western District of New York.  Ceglia v. Zuckerberg, 10-CV-00569-RJA-LGF. ("Facebook litigation")  Dkt. #50, First Amended Complaint, ¶ 15.  This lawsuit arises from an alleged breach of a contract (known as the "Work for Hire Document") entered into by Ceglia and Zuckerberg on April 28, 2003, in which Zuckerberg agreed to perform certain programming work for Ceglia in exchange for Zuckerberg providing Ceglia with at least a 50 percent interest in Facebook.  Dkt.# 50, Indictment (Exhibit A to plaintiff's First Amended Complaint), ¶¶ 5-6.

On October 26, 2012, plaintiff was arrested, pursuant to a criminal complaint filed in the Southern District of New York.  Dkt. #50, First Amended Complaint, ¶ 16.  On November 26, 2012, a grand jury sitting in the Southern District of New York returned an Indictment against Ceglia, charging him with one count of mail fraud and one count of wire fraud.  Dkt. #50, First Amended Complaint, ¶ 17.  The mail and wire fraud allegations in the Indictment include an allegation that Ceglia filed a civil lawsuit against Facebook and Zuckerberg, fraudulently demanding a significant ownership stake in Facebook.  Dkt. #50,

First Amended Complaint, ¶¶ 18-19.  The Indictment further alleges that Ceglia "doctored

or otherwise fraudulently converted a legitimate contract", "manufactured evidence,

including purported emails", and "destroyed evidence" all in support of his civil lawsuit.

Dkt.# 50, Indictment (Exhibit A to plaintiff's First Amended Complaint), ¶¶ 5-8; <u>see</u> <u>also</u>

Dkt.# 50, First Amended Complaint, ¶¶ 18-19, 31.


On March 11, 2013 and on April 26, 2013, Plaintiff filed motions for a temporary

restraining order and a preliminary injunction seeking permanent injunctions against

current and future criminal prosecutions of the plaintiff in the Southern District of New

York arising out of the Facebook litigation (10-CV-569) claiming that Ceglia's First

Amendment rights have been chilled by the criminal action.  Dkt. #s 1-4; 26-28.

Defendants filed their opposition to these motions on March 19, 2013 (Dkt.#s 9, 11) and on

May 3, 2013 (Dkt. #41).  Plaintiff filed replies on March 21, 2013 (Dkt. #12) and on May 8,

2013 (Dkt. #43).


After plaintiff's initial action was commenced, on March 26, 2013, Magistrate Judge

Leslie Foschio issued a 155 page Report and Recommendation ("R&R") recommending

dismissal of the Ceglia lawsuit against Zuckerberg and Facebook.  The R&R recommends

dismissal of the complaint because the Work for Hire document is a recently created

fabrication and bon account of Ceglia's spoliation of evidence. Dkt. #651 (10-CV-00569).


The R&R discusses in detail the reasons why the Work for Hire document and the

supporting emails are forgeries or fabrications.  It analyzes ink-dating; printing variations,

such as fonts, typesetting and formatting inconsistencies between pages 1 and 2 of the Work

for Hire document; printer toner and paper variations; staple holes; handwriting of initials

and signatures; digital footprints; back-dating of emails; formatting inconsistencies of

emails, factual inaccuracies, etc.  Judge Foschio concludes:

> To summarize, based on the evidence in the record, it is highly probable and
> reasonably certain that the Work for Hire Document and the supporting e-mails were
> fabricated for the express purpose of filing the instant action.  Plaintiff's arguments in
> opposition largely consist of self-defeating inconsistencies, serving only to establish
> the fraudulent nature of the Work for Hire Document and supporting e-mails.
> Defendants have thus established by clear and convincing evidence the Work for
> Hire Document and supporting e-mails are fabrications such the Defendants' Motion
> to Dismiss should be GRANTED, and the case dismissed with prejudice.

See Dkt. #651, pp.118-119 (10-CV-00569).

On April 26, 2013, plaintiff filed a motion for expedited discovery seeking to depose

Mark Zuckerburg.  Dkt. #s 21-23, 25.  On April 30, 2013, defendants filed their opposition

to the plaintiff's motion for expedited discovery.  Dkt. # 35.  After an appearance before the

court on May 1, 2013, to address the plaintiff's motion (Dkt.# 24), this court sought legal

authority for a court staying an ongoing criminal prosecution.  Plaintiff filed additional

support for his position (Dkt. #37) on May 1, 2013, and defendants filed an additional

opposing memorandum of law on May 2, 2013.  Dkt. #38.  A reply was filed by the plaintiff

on May 3, 2013.  Dkt. #39.  This Court denied plaintiff's motion for expedited discovery in

an Order, dated May 3, 2013.  Dkt. #42.

Oral argument of the plaintiff's motions for a temporary restraining order and

preliminary injunction was held on May 10, 2013.  Dkt. #44.  This Court reserved decision

on the plaintiff's motions.  Id.

On May 31, 2013, the defendants filed a motion to dismiss plaintiff's initial complaint.  Dkt. #s 46-47.  On June 12, 2013, plaintiff filed a motion for enlargement of time to file a response to defendants' motion to dismiss, which was granted in a text order, dated June 14, 2013, Dkt. #s 48-49.  Rather than responding to the defendants' motion to dismiss, on June 21, 2013, plaintiff filed his First Amended Complaint, Dkt. #50.  Plaintiff's First Amended Complaint includes Four Counts which essentially raise arguments that have been made in prior filings and appearances in this matter.  The only new claim is a frivolous Seventh Amendment claim.  Defendants, after filing a motion, received an enlargement of time until July 26, 2013 to respond to the plaintiff's First Amended Complaint.  Dkt. #s 51-53.

Plaintiff's First Amended Complaint should be dismissed.  First, plaintiff has an adequate remedy at law to challenge his criminal prosecution by using the Federal Rules of Criminal Procedure to move to dismiss the indictment.  Second, should this court decide that this is an action against the officials in their individual capacities, plaintiff's attempt to enjoin a pending criminal prosecution by way of a <u>Bivens</u> lawsuit is improper.  Third, the First Amendment does not protect Ceglia's false statements made in his lawsuit against Zuckerberg and Facebook.  Finally, plaintiff's Seventh Amendment should be dismissed as frivolous.  Defendants have not infringed upon plaintiff's right to a civil jury trial in this action or in any other action by pursuing the criminal action against him in the Southern District of New York.  Plaintiff has not requested a jury trial in this action and because he seeks equitable relief is not entitled to a jury trial.  Therefore, plaintiff's First Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## II.    STANDARD OF REVIEW

"In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor." Harris v. Howard, No. 08 Civ. 4837, 2009 WL 3682537, at *1 (S.D.N.Y. Oct. 30, 2009).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A party's 'obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Harris, 2009 WL 3682537, at * 1 (citing Twombly, 550 U.S. at 555)).  Unless a plaintiff's well-pleaded allegations of fact have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed."  Twombly at 570.


## III.    LEGAL ARGUMENT

### POINT I

#### Plaintiff has not Provided any Support to Warrant the Extraordinary Relief of Enjoining an Ongoing Criminal Investigation (Fourth Count).


**A.    The Federal Rules of Criminal Procedure Afford Plaintiff an Adequate Remedy at Law (First and Second Count)**

Ceglia is seeking to enjoin or dismiss the pending criminal prosecution in the Southern District of New York.  However, it is a "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal

prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." <u>Younger v. Harris</u>, 401 U.S. 37, 43-44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  Although <u>Younger</u> involved a case where a federal court was asked to enjoin a state court prosecution, the doctrine has been applied similarly to federal courts asked to enjoin federal criminal prosecutions.  <u>Buczek v. Bruce</u>, No. 09-CV-11293, 2011 WL 1894769, at *4 (W.D.N.Y. May 19, 2011) citing <u>Miranda v. Gonzalez</u>, 173 Fed.Appx. 840, 2006 WL 592928 (D.C.Cir. Feb.12, 2006); <u>Deaver v. Seymour</u>, 822 F.2d 66, 69-70 (D.C.Cir.1987); <u>Traficant v. United States</u>, No. 4:02CV188, 2002 WL 553724, at *3 (N.D.Ohio Feb.1, 2002).

While plaintiff seeks to enjoin or discontinue the criminal prosecution of Ceglia in the Southern District of New York to allow the civil action in the Western District of New York to continue (<u>see</u> Dkt.# 50, First Amended Complaint, ¶¶ 2, 57-62), this relief would be unprecedented.  The only case upon which plaintiff relies where a criminal proceeding was enjoined is <u>Dombrowski v. Pfister</u>, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed. 2d 22(1965), a case in which the court enjoined a future prosecution in state court and the facts are nothing like those here[1].  Plaintiffs in <u>Dombrowski</u> were a civil rights organization and its officers who had been arrested by Louisiana state and local police on charges that they had violated two state statutes, the "Louisiana Subversive Activities and Communist Control Law" and the "Communist Propaganda Control Law."  <u>Dombrowski</u>, 380 U.S. at 482, 487.  The plaintiffs' offices had been raided, and their files and records had been seized.  <u>Id</u>. at 487.  In

---

[1]  In response to this Court's request at an appearance on May 1, 2013, Plaintiff filed a document (Dkt.# 37) allegedly providing support for this Court staying the ongoing criminal prosecution of him in the Southern District of New York.  However, as outlined in the Defendants' response filed on May 2, 2013 (Dkt.# 38), none of the cases involved enjoining a pending federal criminal prosecution.

addition, although a state court had quashed plaintiffs' arrest warrants and suppressed the

seized evidence, Louisiana officials nevertheless threatened plaintiffs with further

prosecution for their continued activities in the state.  Id. at 487-88.  Plaintiffs filed an

action in federal court, alleging, with the support of affidavits and a written offer of proof,

that the threats to enforce the statutes were not made with any expectation of securing valid

convictions, but rather were "part of a plan to employ arrests, seizures, and threats of

prosecutions under color of the statutes to harass appellants and discourage them and their

supporters from asserting and attempting to vindicate the constitutional rights of Negro

citizens of Louisiana." Id. at 482.


Under these extraordinary circumstances, the Dombrowski court granted plaintiffs

relief, holding that an injunction was necessary because no single state criminal prosecution

could address the constitutional infirmities of the statutes identified by the plaintiffs.

Specifically, the Court found that a single prosecution would not provide an authoritative

construction as to what was constitutionally proscribed by the statute, and plaintiffs would

have to risk multiple prosecutions on a piecemeal basis to address the potential reach of the

state's sweeping prohibitions on "subversive activities." See id. at 490-92.  Nor, the Court

reasoned, would a single prosecution resolve plaintiffs' factually supported concern that

state officials would continue to use the statutes to harass them notwithstanding an acquittal

in a single case.  Id.


Plaintiff's situation in this case bears no resemblance to that faced by plaintiffs in

Dombrowski, and no court has ever issued an injunction under like circumstances.  First,

plaintiff seeks to enjoin an ongoing federal criminal prosecution, not a state investigation.

Moreover, unlike the Dombrowski plaintiffs, plaintiff here has an adequate remedy at law; if

he is indicted, he may raise all of his constitutional challenges by seeking to have the

indictment dismissed.  In other words, unlike the case in Dombrowski, a single criminal

prosecution will afford him the opportunity to resolve these constitutional issues.  Thus,

Dombrowski simply does not support the extraordinary remedy plaintiff seeks here.


     Plaintiff's past reliance on Juluke v. Hodel, 811 F.2d 1553, (D.C.Cir.1987) and

Christoforu v. U.S., 842 F.Supp. 1453 (S.D.Fla 1994) is similarly misplaced.  Dkt. # 3,

Plaintiff's Memorandum of Law, pp. 10-11.  The Juluke and Christoforu holdings stand for

the proposition that Younger is not an absolute bar to enjoining a federal criminal

proceeding.  In neither of those cases, however, did the Court enjoin a pending criminal

prosecution.  Moreover, the D.C. Circuit Court in Deaver v. Seymour, wrote:

> We have recently recognized that while the Younger line of cases constricts federal
> intervention in state prosecutions, it does not necessarily control a petition for a
> federal civil injunction to restrain an ongoing federal criminal proceeding.  See
> Juluke v. Hodel, 811 F.2d 1553, 1556-57 (D.C.Cir.1987).  Nevertheless, in no case
> that we have been able to discover has a federal court enjoined a federal prosecutor's
> investigation or presentment of an indictment.  Of course, a federal prosecutor
> typically brings cases only in federal court, thereby affording defendants, after
> indictment, a federal forum in which to assert their defenses-including those based on
> the Constitution.  Because these defendants are already guaranteed access to a
> federal court, it is not surprising that subjects of federal investigation have never
> gained injunctive relief against federal prosecutors.  Moreover, as the district court
> noted, Rule 12(b)(1) of the Federal Rules of Criminal Procedure permits any
> defendant to raise by motion, after indictment but before trial, a defense based on
> "defects in the institution of the prosecution."

822 F.2d at 69; see also Christoforu, 842 F.Supp. at 1456 n.2 ("Juluke recognized that a

federal court sitting in equity could deny equitable relief if such a denial serves judicial

economy or if the plaintiff has an adequate remedy at law.")(emphasis in original).


Accordingly, because Ceglia has an adequate remedy at law and can move to dismiss

the Indictment in the Southern District of New York, this court should dismiss the plaintiff's

First Amended Complaint.

**B.      A <u>Bivens</u> action cannot be used to challenge a pending criminal prosecution.**

Claims for money damages based on constitutional violations by federal officers in

their individual capacities are generally cognizable only under the doctrine of <u>Bivens v. Six

Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999,

29 L.Ed.2d 619 (1971).  While plaintiff seeks only equitable relief, which is not recoverable

under <u>Bivens (</u>see, eg. <u>Viehdeffer v. Tryon</u>, 2012, WL 3746372, at *10 (W.D.N.Y. Aug. 28,

2012)(citing cases)) and does not refer in his First Amended Complaint to <u>Bivens</u>, he does

state in the caption of the action and in paragraphs 10,11 and 12 that the defendants are

being sued "individually". Dkt.# 50, First Amended Complaint.  Regardless of whether

plaintiff relies upon <u>Bivens</u> for relief, he is barred from doing so while charges are still

pending against him.


In <u>Heck v. Humphrey</u>, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994),

the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas corpus, 28

U.S.C. § 2254.   A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

See also Tavares v. Reno, 54 F.3d 109, 110 (2d Cir.1995); Duamutef v. Morris, 956 F.Supp. 1112, 1115-18 (S.D.N.Y.1997); Ramos v. Winiewicz, 2012 WL 1044530, at *3 (W.D.N.Y. March 23, 2012).  The "favorable termination rule" of Heck applies equally to Bivens claims.  See Tavares, 54 F.3d at 110 (Heck applies to Bivens actions); see also Traficant, 2002 WL 553724, at *3 (district court cited to Heck as another basis for its decision not to entertain plaintiff's request to enjoin criminal proceedings: "[T]he rationale of Heck prohibits courts from granting injunctive relief which would, in effect, require a court in a civil proceeding to render a decision regarding the validity of a pending criminal prosecution.)

Because plaintiff's criminal prosecution is still pending, plaintiff cannot establish that the criminal proceeding was "favorably terminated", and he is not permitted to seek relief pursuant to Bivens.  Therefore, plaintiff's First Amended Complaint should be dismissed for failure to state a claim.

## C.     The First Amendment does not protect Ceglia's fraud (Third Count).

Plaintiff's First Amendment claim can best be described as confusing.  Plaintiff claims that his filing of the lawsuit against Zuckerberg and Facebook falls within his First Amendment right to petition the Government, notwithstanding the fact that the Government is not a party to that litigation. Dkt.#50, First Amended Complaint, ¶¶ 50-52. He further claims that the Government, by seeking to criminally sanction him for filing the

lawsuit, is violating his First Amendment rights. Dkt.#50, First Amended Complaint, ¶ 55.

Plaintiff's claims fail on all counts.

The First Amendment provides that the government cannot abridge the right of the

people to "petition the Government for a redress of grievances."  U.S. Const. Amend 1.

Among other things, the right to petition protects "[t]he rights to complain to public officials

and to seek administrative and judicial relief."  Gagliardi v. Vill. of Pawling, 18 F.3d 188,

194 (2d Cir.1994); accord Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 130

S.Ct. 876, 907, 175 L.Ed.2d 753 (2010)(noting that the First Amendment "protects the

right...to petition legislative and administrative bodies"(internal quotation mark omitted)).

The First Amendment, however, does not protect the fraud that Ceglia is alleged to

have committed in the Southern District of New York criminal prosecution.  United States

v. Konstantakakos, 121 F.Appx. 902, 905, 2005 WL 348376, at *3 (2d Cir. Feb. 11,

2005)("noting that 'it has long been established that the First Amendment does not shield

knowingly false statements made as part of a scheme to defraud'," see Illinois ex rel.

Madigan v. Telemarketing Assocs., Inc., 538 U.S. 600, 611, 123 S.Ct. 1829, 155 L.Ed.2d

793 (2003)(and cases cited therein to support the statement that, although the "First

Amendment protects the right to engage in charitable solicitation...[,] the First Amendment

does not shield fraud"); see also United States v. Rowlee, 899 F.2d 1275, 1279 (2d Cir.

1990)(rejecting First Amendment challenge to making false statements in connection with

fraudulent tax return)");  United States v. Rybicki, 354 F.3d 124, 151 (2d Cir. 2003)(en

banc) citing Illinois ex rel. Madigan v. Telemarketing Assocs., Inc., 538 U.S. 600, 611, 123

S.Ct. 1829, 1836, 155 L.Ed.2d 793 (2003) for the proposition that "fraud is not conduct

protected by the First Amendment").

Plaintiff is not being prosecuted in the Southern District of New York because he

filed a lawsuit; he is charged with mail and wire fraud because he is alleged to have doctored

and fabricated evidence before (and after) filing the suit.  In particular, the doctored contract

on which he bases his lawsuit was attached to his initial civil complaint against Zuckerberg

and Facebook.  The First Amendment does not protect such fraudulent conduct:

> Defendants' attempt to invoke _Noerr–Pennington_ as protection fails because the
> doctrine does not protect deliberately false or misleading statements. "[N]either the
> _Noerr–Pennington_ doctrine nor the First Amendment more generally protects petitions
> predicated on fraud or deliberate misrepresentation." Edmondson & Gallagher v.
> Alban Towers Tenants Ass'n, 48 F.3d 1260, 1267 (D.C.Cir.1995) (describing the
> holding in Whelan v. Abell, 48 F.3d 1247 (D.C.Cir.1995)); see also McDonald v.
> Smith, 472 U.S. 479, 485, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985) (finding the
> Petition Clause does not have "special First Amendment status" and that petitions
> are not entitled to "greater constitutional protection" than "other First Amendment
> expressions"); Whelan, 48 F.3d at 1255 ("However broad the First Amendment right
> to petition may be, it cannot be stretched to cover petitions based on known
> falsehoods."). The district court's valid findings of fraud in this case take Defendants'
> statements out of the Noerr–Pennington context because they were clearly and
> deliberately false. The district court provided countless examples of deliberately false
> statements by Defendants: "Cigarette smoking causes disease, suffering, and death.
> Despite internal recognition of this fact, Defendants have publicly denied, distorted,
> and minimized the hazards of smoking for decades," Philip Morris, 449 F.Supp.2d at
> 146.
>                                     . . .
> Were these statements false, but not deliberately so, Defendants would have a better
> argument.  But Defendants knew of their falsity at the time and made the statements
> with the intent to deceive. Thus, we are not dealing with accidental falsehoods, or
> sincere attempts to persuade; Defendants' liability rests on deceits perpetrated with
> knowledge of their falsity. Where statements are deliberately false or misleading,
> Noerr–Pennington does not apply. See Alban Towers, 48 F.3d at 1267.

U.S. v. Phillip Morris USA, 566 F.3d 1095, 1123 (D.C. Cir. 2009)

In the Facebook litigation, Magistrate Judge Leslie Foschio issued a 155 page Report and Recommendation discussing in detail the reasons why he recommended dismissal of that complaint.  This Report and Recommendation was issued after extensive discovery was conducted, including the exchange of expert reports and the depositions of those experts on the topic of the authenticity of the Work for Hire Document and the supporting emails.

Judge Foschio concluded:

> To summarize, based on the evidence in the record, it is highly probable and reasonably certain that the Work for Hire Document and the supporting e-mails were fabricated for the express purpose of filing the instant action.  Plaintiff's arguments in opposition largely consist of self-defeating inconsistencies, serving only to establish the fraudulent nature of the Work for Hire Document and supporting e-mails. Defendants have thus established by clear and convincing evidence the Work for Hire Document and supporting e-mails are fabrications such the Defendants' Motion to Dismiss should be GRANTED, and the case dismissed with prejudice.

See Dkt. #651, pp.118-119.

Consequently, plaintiff's First Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**D.      Plaintiff's Seventh Amendment is completely frivolous (Third Count).**

Plaintiff alleges without any factual or legal support that the criminal prosecution pending against him in the Southern District of New York violates his Seventh Amendment right to a civil jury trial.  Dkt. # 50, ¶¶ 50-55.  The Seventh Amendment to the United States Constitution establishes the right to a jury trial in certain civil cases, and forbids any court from re-examining or overturning any factual determinations made by a jury, except as provided under the rules of common law.  U.S. CONST. amend. VII.  Plaintiff's Seventh Amendment claim is completely frivolous.  Neither the factual allegations nor the legal

claims set forth in plaintiff's First Amended Complaint suggest or infer in any way that

plaintiff was denied the right to a jury trial in this or in any other action.  In fact, plaintiff

has not even requested a jury trial in this action, and given the fact that he seeks equitable

relief, he is not entitled to a trial by jury.  See Chauffeurs, Teamsters & Helpers Local 391 v.

Terry, 494 U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed. 2d 519 (1990); Curtis v. Loether, 415

U.S. 189, 193, 94 S.Ct. 1005, 39 L.Ed. 2d 260 (1974); Daisy Group, Ltd. v. Newport News,

Inc. 999 F.Supp. 548, 550 (S.D.N.Y. 1998).  Nor does the Plaintiff's First Amended

Complaint implicate in any way the Reexamination Clause of the Seventh Amendment.

Accordingly, plaintiff's Seventh Amendment claim should be dismissed.


## IV.    CONCLUSION

For all these reasons, this court should grant the defendants' motion to dismiss the

plaintiff's First Amended Complaint.

DATED:        Buffalo, New York, July 26, 2013.


                                WILLIAM J. HOCHUL, JR.
                                United States Attorney


                        BY:    /S/ Mary E. Fleming
                                MARY E. FLEMING
                                Assistant U.S. Attorney
                                U.S. Attorney's Office
                                Western District of New York
                                138 Delaware Avenue
                                Buffalo, New York 14202