IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                Plaintiff,

    v.                                                                        13-CV-256-A

ERIC HOLDER, JR., individually
and as Attorney General
of the United States,
PREETINDER S. BHARARA, individually
and as United States Attorney for the
Southern District of New York,
JANIS M. ECHENBERG and
CHRISTOPHER D. FRYE,
Individually, and as in their
capacity as representatives
of the United States Attorney's
Office for the Southern District
of New York,

                Defendants.

---

STATE OF NEW YORK  )
COUNTY OF ERIE      )    SS.
CITY OF BUFFALO    )

## **AFFIDAVIT**

      MARY E. FLEMING, being duly sworn, deposes and says that:

      1.     I am an Assistant United States Attorney in the Western District of New York, and I submit this affidavit in response to plaintiff's Motion to Supplement the Record on Motion for Preliminary Injunction and for Expedited Treatment.

2.      While this Court has granted plaintiff, Paul Ceglia's ("Ceglia"), request to supplement the record with two declarations from Katherine M. Koppenhaver and Joan M. Winkelman, these declarations have no relevance to the issue of whether this Court should enjoin the pending criminal prosecution of Ceglia in the Southern District of New York, nor should the declarations be afforded any weight since the declarants' opinions are not based on sufficient facts or data, are not the product of reliable principles and methods and the declarants have not reliably applied the principles and methods to the facts of this case. In short, these declarations should be disregarded by this Court.

### A.      Facebook Litigation

3.      Ceglia is familiar to this court as he has brought an action against Mark Zuckerberg and Facebook (10-CV-569A) ("Facebook litigation") claiming he entered into a contract with Zuckerberg (known as the Work for Hire document) which granted him 50 percent ownership in Facebook for Ceglia agreeing to perform certain programming work for Zuckerberg.

4.      On March 26, 2013, after Ceglia's initial action was commenced, Magistrate Judge Leslie Foschio issued a 155 page Report and Recommendation ("R&R") recommending dismissal of the Facebook litigation because the Work for Hire document is a recently created fabrication and on account of Ceglia's spoliation of evidence. Dkt. #651 (10-CV-569).

5.      This R&R discusses in detail the reasons why the Work for Hire document and the supporting emails are forgeries or fabrications. It analyzes ink-dating; printing variations, such as fonts, typesetting and formatting inconsistencies between pages 1 and 2 of the Work for Hire document; printer toner and paper variations; staple holes; handwriting of initials and signatures; digital footprints; back-dating of emails; formatting inconsistencies of emails, factual inaccuracies, etc. Judge Foschio concludes:

> To summarize, based on the evidence in the record, it is highly probable and reasonably certain that the Work for Hire Document and the supporting e-mails were fabricated for the express purpose of filing the instant action. Plaintiff's arguments in opposition largely consist of self-defeating inconsistencies, serving only to establish the fraudulent nature of the Work for Hire Document and supporting e-mails. Defendants have thus established by clear and convincing evidence the Work for Hire Document and supporting e-mails are fabrications such the Defendants' Motion to Dismiss should be GRANTED, and the case dismissed with prejudice.

See Dkt. #651, pp.118-119 (10-CV-569).

6.      On April 16, 2013, Ceglia filed Objections to the R&R issued in the Facebook litigation (See Dkt. #654), and on May 6, 2013, the defendants filed a reply to Ceglia's Objections. See Dkt. #s 657-659 (10-CV-569). Attached as Exhibit A is a copy of the 10-CV-569 Docket Sheet.

7.      Ceglia's Objections have not yet been ruled upon, nor has Ceglia moved to supplement the record in the Facebook litigation with the additional declarations that are the subject of this Affidavit.

**B.      Southern District of New York Criminal Prosecution Against Ceglia**

8.      Ceglia is also the defendant in a criminal action pending against him in the Southern District of New York (12-CR-876) charging him with mail and wire fraud relating to Ceglia's fraudulent creation of the Work for Hire document, manufacture of emails to support this fraudulent Work for Hire document, and destruction of evidence, all in support of his lawsuit against Zuckerberg.

9.      Ceglia is represented by Federal Public Defenders David E. Patton and Annalisa Miron in the criminal matter pending in the Southern District of New York. (12-CR-876).  Attached as Exhibit B is a copy of the criminal docket for 12-CR-876.

10.     On November 27, 2013, Ceglia's attorneys filed a Motion to Dismiss the Indictment in that matter.  Attached as Exhibit C is a copy of Ceglia's Memorandum of Law.  Dkt. #35  (12-CR-876).

11.     The Government responded to Ceglia's Motion to Dismiss the Indictment on January 24, 2014.  Dkt. # 38 (12-CR-876).  Attached as Exhibit D is a copy of the Government's Memorandum of Law in Opposition to Ceglia's Motion.

12.     Ceglia raises a First Amendment argument in his Motion to Dismiss the Indictment (See Exhibit C, pp. 25-34), and the Government responds to these allegations at pages 22-29.  See Exhibit D.

13. Ceglia's Motion to Dismiss the Indictment in the Southern District of New York remains pending.  <u>See</u> Exhibit B.

### C.   This Lawsuit

14. On March 11, 2013, Ceglia filed his initial Complaint in this action against the Attorney General of the United States and prosecutors in the Southern District of New York claiming that his First Amendment rights have been chilled by the Southern District of New York criminal prosecution.  He sought a Temporary Restraining Order (Dkt.#s 1-4) and a Preliminary Injunction (Dkt.#s 26-28).

15. Ceglia's Motions for a Temporary Restraining Order and a Preliminary Injunction have been fully briefed (Dkt.#s 9, 11, 41, 12, 43).

16. On April 26, 2013, Ceglia filed a Motion for Expedited Discovery seeking to depose Mark Zuckerburg.  Dkt.#s 21-23, 25.  On April 30, 2013, defendants filed their opposition to Ceglia's Motion for Expedited Discovery.  Dkt. # 35.  After an appearance before the Court on May 1, 2013, to address Ceglia's Motion (Dkt.# 24), this court sought legal authority for a court staying an ongoing criminal prosecution.  Ceglia filed additional support for his position on May 1, 2013 (Dkt. #37), and defendants filed an additional Memorandum of Law in Opposition on May 2, 2013.  Dkt. #38.  A Reply was filed by the Ceglia on May 3, 2013.  Dkt. #39.

17.     This Court denied Ceglia's Motion for Expedited Discovery in an Order, dated May 3, 2013.  Dkt. #42.

18.     Oral argument of Ceglia's Motions for a Temporary Restraining Order and Preliminary Injunction was held on May 10, 2013.  Dkt. #44.  This Court reserved decision on his motions. Id.

19.     On May 31, 2013, defendants filed a Motion to Dismiss Ceglia's Complaint. Dkt. #s 46-47.

20.     Rather than responding to the defendants' Motion to Dismiss, Ceglia filed his First Amended Complaint on June 21, 2013, after having received an enlargement of time to respond to the defendants' Motion to Dismiss.  Dkt. #s 48-50.  Ceglia's First Amended Complaint includes Four Counts which essentially raise arguments that have been made in prior court appearances and filings in this matter.   The only new claim is a specious Seventh Amendment claim.  Dkt. #50.

21.     Defendants then sought an enlargement of time to respond to Ceglia's First Amended Complaint which was granted in a Text Order on June 28, 2013.  Dkt. #s 51-53.

22.     On July 26, 2013, the defendants filed a Motion to Dismiss Ceglia's First Amended Complaint.  Dkt. #s 54-55.

23.     On August 7, 2013, Ceglia filed a Motion for an Extension of Time to respond to the defendants' Motion to Dismiss which was granted on August 9, 2013.  Dkt. #s 58-59.

24.     On August 30, 2013, Ceglia filed a Memorandum in Opposition to the defendants' Motion to Dismiss.  Dkt. #60.

25.     On January 2, 2014, Ceglia filed the instant Motion to Supplement the Record in this matter to add the declarations of Katherine M. Koppenhaver and Joan M. Winkelman, as well as the Government's expert report in the criminal case.  Dkt. #61.

26.     On January 14, 2014, this Court issued a scheduling order for responding to this Motion.  Dkt. #62.

27.     On January 17, 2014, the defendants filed a Motion for Enlargement of the dates to respond to the Ceglia's latest motion.  Ceglia opposed this motion.  Dkt. #s 63-65.

28.     On January 22, 2014, this Court granted Ceglia's Motion to Supplement the Record with Exhibit B to the December 31, 2013, Declaration of Paul Argentieri, with the December 17, 2013, Declaration of Katherine Koppenhaver, and with the December 30, 2013, Declaration of Joan Winkelman.  Dkt. #66.

29. On January 22, 2014, this Court granted in part and denied in part the defendants' Motion for Enlargement of Time ruling that any opposition to Ceglia's request to supplement the record is moot due to Text Order 66 but providing the defendants with an opportunity to respond to Ceglia's additional evidence. Dkt. #67.

**D. The Declarations of Koppenhaver and Winkelman are irrelevant and are unreliable; therefore, they should not be considered by this court**

30. The Declaration of Katherine M. Koppenhaver, Certified Document Examiner, is irrelevant to the issues in this case. Ms. Koppenhaver was hired by the Federal Public Defender in the Southern District of New York case against Ceglia.

31. Ms. Koppenhaver concludes only that the "Work for Hire" document is an unaltered document and does not contain substitutions. She compares pages 1 and 2 of the "Work for Hire" document and analyzes its indentations and staple holes concluding that pages 1 and 2 of the document go together. Her opinion is not based on sufficient facts or data, is not the product of reliable principles and methods, and the declarant has not reliably applied the principles and methods to the facts. See Declaration of Katherine Koppenhaver, ¶7.

32. Therefore, Ms. Koppenhaver's opinion should be ignored as failing to comply with Federal Rule of Evidence Rule 702.

33. Similarly, the declaration Joan M. Winkelman is irrelevant to the issues in this case.

34. Ms. Winkelman examines only scanned documents, not the original "Street Fax" or "Work for Hire" documents. This alone undermines her expert opinions since she is not performing a forensic examination of the actual physical evidence, and, therefore, her opinion does not comply with FRE Rule 702. See Joan Winkelman Declaration, ¶5.

35. Moreover, neither expert discusses the fabricated emails before and after the alleged "Work for Hire" document was created which provided one of the three bases for Judge Foschio's R & R in the Facebook litigation.

36. Therefore, these declarations should be disregarded by this Court as an attempt by Ceglia to obscure the real issues in this case.

### E.  Ceglia's First Amended Complaint Must be Dismissed

37. Ceglia is seeking to enjoin or dismiss the pending criminal prosecution in the Southern District of New York. Because Ceglia has availed himself of his remedy at law by filing a Motion to Dismiss the Indictment in the Southern District of New York criminal action, this equity action should be dismissed as moot.

38. The expert reports which this Court has allowed Ceglia to submit do not provide support for this Court to enjoin Ceglia's pending criminal prosecution, nor will they assist this Court in determining whether Ceglia's First or Seventh Amendment rights have been violated in this matter.

39. With respect to Ceglia's Seventh Amendment claim, these expert reports do not provide support for Ceglia's right to a jury trial in this action. Ceglia has not requested a jury trial in this matter, and Ceglia has no right to a jury trial even if he had, as he has requested equitable relief in this action which is not to be tried to a jury. Therefore, Ceglia's Seventh Amendment claim remains specious.

40. The additional expert reports do not strengthen plaintiff's First Amendment claim either.

41. As discussed in previous submissions in this case, the First Amendment does not shield fraud, deliberate falsehoods or "sham" litigation. As the prosecutors wrote in their Memorandum of Law in opposition to Ceglia's Motion to Dismiss the Indictment:

> Ceglia is not being prosecuted for filing a lawsuit that a well-intentioned litigant could reasonably expect to result in success on the merits; instead, he is charged with mail and wire fraud in connection with his having fabricated evidence (and destroyed contrary evidence) before (and after) filing a baseless lawsuit that is riddled with misrepresentations and false statements.

See Exhibit D, pp. 27-28.

42. For all these reasons, the defendants renew their request to dismiss Ceglia's First Amended Complaint.

S/Mary E. Fleming
MARY E. FLEMING
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5867
Mary.Pat.Fleming@usdoj.gov

Sworn to before me this 7th day
of February, 2014.
S/Karen A. Brown
Karen A. Brown
Notary Public, State of New York
Qualified in Erie County
My Commission Expires June 30, 2015

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                Plaintiff,

v.                                 13-CV-256-A

ERIC HOLDER, JR., individually
and as Attorney General
of the United States,
PREETINDER S. BHARARA, individually
and as United States Attorney for the
Southern District of New York,
JANIS M. ECHENBERG and
CHRISTOPHER D. FRYE,
Individually, and as in their
capacity as representatives
of the United States Attorney's
Office for the Southern District
of New York,

                Defendants.

---

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2014, I electronically filed the foregoing **AFFIDAVIT** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

    Paul A. Argentieri

    Robert Ross Fogg

                                    S/Cheryl Kinmartin
                                    CHERYL KINMARTIN