UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                  Plaintiff,

                                                      **ORDER**
              v.                                       13-CV-256-A

ERIC HIMPTON HOLDER, JR.,
Individually and as Attorney General
of the United States,

PREETINDER S. BHARARA,
individually and as U.S. Attorney for
the Southern District of New York,

JANIS M. ECHENBERG, individually
and in capacity as representative of
the U.S. Attorney's Office for the
Southern District of New York,

CHRISTOPHER D. FRYE, individually
and in capacity as representative of the
U.S. Attorney's Office for the Southern
District of New York,

                  Defendants.

---

      The plaintiff in this action, Paul D. Ceglia, seeks declaratory and injunctive relief against the United States Attorney General, the U.S. Attorney for the Southern District of New York, and two Assistant U.S. Attorneys for the Southern District of New York.  Plaintiff Ceglia asks this Court to enjoin defendants from prosecuting an indicted criminal case pending against plaintiff in the Southern District of New York, and to enjoin defendants from any further criminal investigation or prosecution of

plaintiff for conduct arising out of a civil action he brought in this Court claiming an ownership interest in Facebook, Inc., the large social networking website.  *See Ceglia v. Facebook, Inc.*, 10-CV-569-A  (W.D.N.Y.).  Plaintiff alleges he is entitled to declaratory and injunctive relief against defendant prosecutors based upon an immunity afforded plaintiff primarily by the Petition Clause of the First Amendment of the United States Constitution.  Dkt. No. 50.

Plaintiff Ceglia is currently charged in an Indictment pending in the United States District Court for the Southern District of New York with mail fraud and wire fraud.  *See* Dkt. No. 50, Ex. A (Indictment in *United States v. Ceglia*, 12 Cr. 876 (ALC) (S.D.N.Y.)).  He is charged with participating in a scheme to defraud Facebook, Inc., and Mark Elliot Zuckerberg, and to corrupt the federal judicial process, arising from conduct relating to his allegations in the civil case in this Court alleging that he is entitled to a multi-billion dollar ownership interest in Facebook, Inc.  *Id.*  Plaintiff faces one count of executing a mail fraud scheme and one count of executing a wire fraud scheme in violation of 18 U.S.C. §§ 1341 and 1343, respectively.  *Id.*

This Court has entered an Order dismissing plaintiff Ceglia's related civil action, *Ceglia v. Facebook, Inc.*, pursuant to the Court's inherent power based upon a finding by a standard of clear and convincing evidence that the purported contract upon which that action is predicated is a fabrication and that plaintiff knows it.  *See* Dkt. No. 673 in 10-CV-569-A (W.D.N.Y.).  For the reasons stated in the thorough Report and Recommendation the Court adopted in support of the inherent-powers

dismissal of the *Ceglia v. Facebook, Inc.*, action, the Court finds that action to have been a sham. *See* Dkt. No. 673 in 10-CV-569-A (W.D.N.Y.). As a consequence, the Court finds the claims in this action, in which plaintiff Ceglia seeks immunity for conduct related to that action on the basis of his First Amendment and Seventh Amendment rights, and the *Noerr-Pennington*[1] doctrine, to be without merit. *See Plumley v. Massachusetts,* 155 U.S. 461, 479 (1894) ("The constitution of the United States does not secure to any one the privilege of defrauding the public."); *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)). The Court further declines to entertain plaintiff's request that the Court adjudicate his challenges to the criminal statutes in the Indictment pending against him in the Southern District of New York because the Court finds he has adequate remedies at law in that District. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. No. 54, is therefore granted. The Clerk shall enter Judgment for defendants and terminate the action.

    **SO ORDERED.**

                                ___*Richard J. Arcara*_____
                                HONORABLE RICHARD J. ARCARA
                                UNITED STATES DISTRICT COURT

Dated: March 25, 2014

---

[1] *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135–38 (1961) (establishing antitrust immunity for petitions to state legislature); *see also United Mine Workers of America v. Pennington*, 381 U.S. 657, 670 (1965) (extended *Noerr* immunity to petitions of public officials); *and California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) (extended *Noerr-Pennington* immunity to right of access to courts).